# United States District Court
# Central District of California

| | |
|---|---|
| GARY ROLLO, | CV 07-02421 TJH |
|            Petitioner, | |
|   v. | Order |
| R. SUBIA, *et al.*, | |
|            Defendants. | |

The Court has considered Petitioner's petition for *habeas corpus* together with the moving and opposing papers.

After the California Board of Prison Terms ("Board") found Petitioner unsuitable for parole in 2006, Petitioner filed a *habeas* petition claiming insufficient evidence for the decision.

A state prisoner's right to release on parole or to release in the absence of some evidence of future dangerousness arises from substantive state law creating a

1   right to release not from any federal constitutional right. *Hayward v. Marshall*, 603
2   F.3d 546, 555 (9th Cir. 2010). The California Supreme Court has established that
3   "some evidence" of future dangerousness is an essential condition for parole denial.
4   *In re Lawrence*, 44 Cal. 4th 1181, 1205, 82 Cal. Rptr. 169, 185 (2008). Federal
5   courts reviewing a due process challenge to the denial of parole in California decide
6   whether parole rejection was an unreasonable application of California's "some
7   evidence" of dangerous requirement or based on an unreasonable determination of
8   the facts in light of the evidence. *Hayward*, 603 F.3d at 563.

10   There must be some evidence that the inmate currently poses a threat to public
11   safety. *Hayward,* 603 F.3d at 562. A prisoner's aggravated offense does not
12   establish current dangerousness unless the record, also, establishes that something
13   in the prisoner's pre- or post-incarceration history or his current demeanor and
14   mental state infers dangerousness. *Hayward,* 603 F.3d at 562. The Board may
15   consider the conviction offense if it addresses the determining factor, a current threat
16   to public safety. *Hayward,* 603 F.3d at 562.

18   The Board's decision listed some evidence for finding Rollo to pose an
19   unreasonable danger to public safety. First, the commitment offense demonstrated
20   a disregard for human life, and Rollo carried it out in a cruel and callous manner.
21   After entering a home to obtain cash, Rollo beat the victim, broke many of his
22   bones, and severely lacerated the victim's liver. Following the attack, Rollo stole
23   guns, money, and jewelry from the house and sold the items. The nature of
24   Petitioner's commitment offense constitutes some evidence of future dangerousness,
25   as the murder petitioner committed was dispassionate and calculated. *Hayward,* 603
26   F.3d at 563. Second, Rollo has a prior criminal record demonstrating an escalating

pattern of criminal conduct.  Third, the Board listed the serious disciplinary infractions Rollo committed while in prison.  Rollo received thirteen infractions while in prison, the last one on November 26, 2001.

Since the Board had some evidence that Rollo posed a danger to the public based on several factors,

It is Ordered that the petition be, and hereby is, Denied.

Date:   June 22, 2010

_____
Terry J. Hatter, Jr.
United States District Judge